IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VANESSA CLABORN-WELCH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SONNY PERDUE, Secretary, )<br>Department of Agriculture, et al., )<br>)<br>Defendants. ) | Case No. 17-00748-CV-W-ODS |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE

Pending is Defendant's motion in limine. Doc. #95. As set forth below, Defendant's motion is granted in part and denied in part. The parties are reminded that these rulings are interlocutory. Thus, the denial of a request to bar evidence at this juncture preserves nothing for review, and the parties may re-assert their objections at trial if they deem it appropriate to do so. Evidence barred by this Order shall not be discussed in the jury's presence (including during opening statements) without leave of the Court. The parties are free to suggest (out of the jury's presence) that something has occurred during the trial justifying a change in the Court's interlocutory ruling.

### A. Experts Not Disclosed

Defendant moves to exclude any testimony that would constitute expert opinion from any person not disclosed as an expert, including treating physicians, by the deadline set by the Court. Doc. #95, at 2. He contends Plaintiff has not provided any files, records, or notes from any of the treating physicians identified in her proposed amended witness list. *Id.*

Plaintiff argues she has "specially employed" Dr. Smith as a testifying expert regarding the financial losses she experienced, and has provided Dr. Smith's CV, expert report, case list, and his fees for deposition and testimony. Doc. #103, at 1. Plaintiff recognizes she has not provided the information necessary for Dr. French and withdraws that witness. *Id.* She contends Dr. Ginder and Dr. Munger are fact

witnesses and their testimonies will be limited to medical information found in the treatment files of the USDA/RMA and those provided during discovery. *Id.* at 1-2. Plaintiff argues "Dr. Ginder, Dr. Munger and Dr. Spurney were also witness to the callous manner in which the Agency treated Plaintiff." *Id.* at 2. She argues "[t]estimony of that nature is just factual testimony of a person's personal observations and not medical testimony or opinion testimony." *Id.*

According to the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure requirement was also outlined in the Court's Scheduling and Trial Order. Doc. #23, at 1-2. If a party fails to identify an expert witness, "the party is not allowed to use that…witness to supply evidence…at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Neither party may introduce testimony from an expert witness not properly identified during discovery. However, witnesses may testify as to medical information found in the treatment files of the USDA/RMA and those provided during discovery. Witnesses are precluded from offering opinion testimony not reflected in the treatment files of the USDA/RMA or in the files provided during discovery. Accordingly, the motion is granted in part and denied in part.

### B. Expert Testimony by Lay Witnesses

Defendant seeks to exclude expert testimony, including medical opinions, from lay witnesses. Doc. #95, at 3. Plaintiff does not oppose the motion but requests the Court to also exclude witnesses not disclosed by Defendant. Doc. #103, at 2-3.

Under Rule 701, if a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is, among other things, "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Both parties' lay witnesses will be precluded from offering opinion testimony unless the testimony is permitted by Rule 701. Accordingly, Defendant's motion and Plaintiff's request are granted in part and denied in part.

2

### C. Witnesses Not Disclosed

Defendant seeks to exclude witnesses not disclosed during discovery. Doc. #95, at 3-4. Defendant argues Plaintiff listed nine witnesses on her amended proposed witness list that are not in Plaintiff's Rule 26(a) disclosures or her interrogatory answers. *Id.* Plaintiff argues she revealed all the listed witnesses during discovery. Doc. #103, at 3.

Although Plaintiff should have amended her Rule 26(a) disclosures to include the additional witnesses, the Court sees no prejudice to Defendant. To the extent a witness was identified during discovery, his or her testimony will be allowed. Witnesses not identified during discovery will be precluded from testifying. Accordingly, the motion is granted in part and denied in part.

### D. Claims Dismissed Prior to Trial

Defendant seeks to exclude evidence of Plaintiff's fraud, fraudulent concealment, outrageous conduct, and race discrimination claims, which were previously dismissed by the Court. Doc. #95, at 4. Plaintiff did not file a response to the motion. Accordingly, the motion is granted.

IT IS SO ORDERED.

DATE: March 13, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT