IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VANESSA CLABORN-WELCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-00748-CV-W-ODS |
| ) | |
| SONNY PERDUE, Secretary, ) | |
| Department of Agriculture, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Pending is Defendant's motion for reconsideration of Order and Opinion Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. Doc. #84. For the following reasons, the motion is denied.

### I. BACKGROUND[1]

On February 18, 2020, the Court granted in part and denied in part Defendant's motion for summary judgment. Doc. #74. On March 5, 2020, Defendant filed the pending motion, arguing the Court misapplied the law on equitable tolling and the doctrine of laches, and newly discovered evidence warrants application of the doctrine of laches. Doc. #84. Plaintiff opposes Defendant's motion. Doc. #96.

### II. STANDARD

Under Rule 54(b), district courts have the "inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1016-17 (8th Cir. 2007); Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). "Such a motion is to be granted only in exceptional

---

[1] The facts surrounding Plaintiff's claims are outlined by the Court in its order on Defendant's motion for summary judgment. Doc. #74. For the sake of brevity, the Court does not reiterate those facts here.

circumstances requiring extraordinary relief." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006).

### III. DISCUSSION

Defendant's motion to reconsider raises the following arguments: (1) equitable tolling does not apply; (2) the Court misapplied the standard for finding an unreasonable or unexcused delay; and (3) newly discovered evidence warrants application of laches. Doc. #84, at 3-8.

Defendant argues the Court failed to consider the second prong of the test for equitable tolling – that the circumstances surrounding Plaintiff's delay were extraordinary and beyond her control. Doc. #84, at 4-5. Plaintiff contends Defendant's argument does not meet the test required for reconsideration because he could have raised them in his original summary judgment motion, there has been no chance of law, and the Court labors under no "misapprehension" of the law. Doc. #96, at 3. The Court agrees with Plaintiff. While Defendant makes additional arguments, he does not cite any new legal authority regarding equitable tolling. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Accordingly, Defendant's motion to reconsider based on his first argument is denied.

Second, Defendant argues the Court misapplied the standard for finding an unreasonable or unexcused delay. Doc. #84, at 6. The doctrine of laches is an affirmative defense that "may be used to bar a lawsuit when the plaintiff is guilty of (1) unreasonable and unexcused delay, (2) resulting in prejudice to the defendant." *Whitfield v. Anheuser-Busch, Inc.*, 820 F.2d 243, 244-45 (8th Cir. 1987) (citations omitted). The Court appropriately applied this standard. The Court's Order discusses both the length of the delay and Plaintiff's reasons for the delay. Doc. #74, at 5-6. Defendant simply reiterates the arguments he raised in his summary judgment motion. Therefore, Defendant's motion to reconsider based on his second argument is denied.

Lastly, Defendant argues he recently learned Stephen Ginie, one of Plaintiff's supervisors, "is suffering from an age-related medical condition that renders him incapable of recalling anything about Plaintiff or his time working for the United States Department of Agriculture." Doc. #84, at 7. Defendant argues this evidence is material

2
Case 4:17-cv-00748-ODS   Document 112   Filed 06/30/20   Page 2 of 3

to its assertion laches applies, and the Court's consideration of Ginie's inability to testify due to his medical condition would produce a different result. *Id.* When deciding Defendant's summary judgment motion, the Court considered Defendant's argument that "witnesses have little or no memory of Plaintiff's situation." Doc. #74, at 5-6. Based on that consideration and others, the Court found Defendant did not establish the defense of laches. *Id.* at 6. While Defendant has set forth additional information specific to one witness, that does not change the Court's decision. In addition, Ginie's inability to testify does not unduly prejudice Defendant. Plaintiff, Lonnie Clemons, Nicole White, Donna Stone, Erika Jensen, and other witnesses are available to testify about the events that occurred between 1999 and 2002. Defendant possesses documentation from Plaintiff's employment and events occurring after the conclusion of her employment. Most of these documents are business records to which the parties will likely stipulate. In other words, Defendant, even without Ginie's testimony, may present evidence at trial to defend its position. For these reasons, Defendant's motion to reconsider based on his third argument fails.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Defendant has not demonstrated any manifest error of law or fact or new evidence, and Defendant failed to show exceptional circumstances requiring extraordinary relief. Accordingly, Defendant's motion to reconsider is denied.

IT IS SO ORDERED.

DATE: June 30, 2020

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT